UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher Sanders</u>

    v.                                Civil No. 17-cv-007-JL

<u>Demetrius Palmer and</u>
<u>United States of America</u>

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Sanders, a federal prisoner proceeding pro se, has filed a complaint (Doc. No. 1), pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging violations of his rights while he was a prisoner at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin").[1] Sanders has also filed what appear to be: a handwritten copy of a letter from the Department of Justice concerning an administrative tort claim Sanders filed with that agency (Doc. No. 14) and a handwritten copy of a letter from a federal court in Florida accompanied by a memorandum of law (Doc. No. 17). This court considers the factual assertions in Document Nos. 14 and 17 to be part of the complaint in this case. This matter is before the court for preliminary review, pursuant to 28 U.S.C. §

---

[1]Sanders is presently incarcerated at a Federal Correctional Institution in North Carolina.

1915A(a) and LR 4.3(d)(1).

### Standard

In determining whether a pro se pleading states a claim, for the purposes of this court's preliminary review of prisoner pleadings under 28 U.S.C. § 1915A(a), the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### Discussion

I. **Bivens Claims**

    A.  Hygiene Products

        1.  Background

Sanders alleges that while he was incarcerated at FCI-Berlin, hygiene supplies distributed to inmates in the Secure Housing Unit ("SHU") burned his skin.  Construing Sanders's complaint generously, it appears that Sanders seeks to sue the person "in charge of the supplies that's been giving [sic] to us inmates in SHU at FCI Berlin."  Sanders then goes on to state, however, that other than the person "in charge" of providing SHU

2

inmates with hygiene supplies, FCI-Berlin staff members are not responsible for the harm he alleges he suffered from the hygiene products.

2. Claims Against Officer "In Charge"

To assert a claim alleging that conditions of his confinement have violated his constitutional rights, Sanders must assert facts to show that a federal officer was deliberately indifferent to a substantial risk of serious harm to Sanders, and disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). Sanders has not asserted facts suggesting that any FCI-Berlin officer or employee was aware of the harm to Sanders caused by the hygiene products provided to him at that facility, or otherwise failed to take reasonable responsive action to the harm alleged. Accordingly, Sanders has failed to state a constitutional claim upon which relief might be granted, and his Bivens claim against the officer "in charge" should be dismissed.

3. Claims Against Manufacturers/Distributors

Apparently intending to bring suit against the manufacturers and/or distributors of the pertinent hygiene products, Sanders asks the court to provide him with information to assist him in filing such an action. The court does not research potential claims or defendants on behalf of litigants. Sanders has not pleaded the minimum facts needed to state claims

within this court's original jurisdiction against the manufacturers and/or distributors of the hygiene products in question in his complaint here. Accordingly, any claims Sanders may have intended to assert in this action against those entities should be dismissed, without prejudice to Sanders's ability to seek relief in the future, against an appropriate defendant, in an appropriate venue.

B.  Legal Mail

Sanders alleges that mail sent to him at FCI-Berlin from this court, containing a blank complaint form, was seized from him, after it was opened outside of his presence, despite being marked as legal mail. Sanders seeks an Order directing the court to order someone at FCI-Berlin to return the blank complaint form to him. Sanders has also requested another complaint form, but as this court has accepted Sanders's complaint without that form, it appears the request is moot.

An "isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Sanders has not alleged any facts indicating that a disclosure of any confidential legal information occurred when his legal mail was opened, or that he was harmed in any way by not receiving the mail in question unopened. Sanders has failed to assert facts sufficient to state a claim concerning his legal mail.

4

C.  Food

Sanders asserts that, on two occasions, he found a piece of trash in his food, specifically, a bread bag at one meal and a strip of paper at another meal.  To state an Eighth Amendment claim concerning prison conditions, Sanders must allege facts stating that one or more officers were deliberately indifferent to a substantial risk of serious harm to Sanders relating to those events.  See Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  Sanders has failed to state that he was harmed, or subjected to a risk of serious harm, as a result of twice having "trash" in his food.  Accordingly, Sanders has failed to state an Eighth Amendment claim concerning trash in his food at FCI-Berlin.

D.  Adequate Nutrition and Medical Care

Sanders asserts that on one occasion he requested extra food from the FCI-Berlin Medical Department so that he could gain weight, and did not receive the food he requested or any other nutritional supplement.  It appears that Sanders is also claiming that he did not receive help from the medical department on a number of occasions, but he does not provide any specifics as to the condition or conditions for which he sought help, and does not name any defendant who deprived him of medical care.  Sanders has failed, therefore, to demonstrate that he had any serious medical need or that he was denied care

5

by anyone at FCI-Berlin acting with deliberate indifference, and accordingly, he has failed to state a constitutional claim for the denial of adequate nutrition or medical care at that facility. See Farmer, 511 U.S. at 835-36.

### E. Other Claims

Sanders states that while at FCI-Berlin he had problems with education, unnamed officers in his housing unit, and religious matters. Further, Sanders alludes to difficulties with his medication and/or medical issues after he left FCI-Berlin. Stripped of legal conclusions, none of these allegations state any claim upon which relief can be granted.

## II. FTCA Claims

Sanders names the United States as a defendant to this claim, and the court construes the assertions in the complaint as an attempt to proceed under the FTCA, alleging that one or more FCI-Berlin employees were negligent in connection with the harms he alleges he suffered at FCI-Berlin. To invoke the subject matter jurisdiction of this court, a plaintiff seeking to proceed under the FTCA "must demonstrate that he has exhausted the administrative presentment requirements for filing his claim in the district court." Hooker v. United States, No. 12-CV-346-JL, 2014 WL 120659, at *2 (D.N.H. Jan. 13, 2014); see also 28 U.S.C. § 2675; Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

Sanders has filed documents in this case suggesting that he has commenced administrative exhaustion of one or more of his claims here.  However, Sanders has not demonstrated that he has fully exhausted his claims.  As Sanders's pleadings do not demonstrate such exhaustion, he has not established this court's jurisdiction over his FTCA claims.  Those claims should therefore be dismissed without prejudice to being refiled once the claims are exhausted, unless Sanders demonstrates, within thirty days of the date of this Report and Recommendation, that he has fully exhausted his FTCA claims.

### III. Demetrius Palmer and "Scott"

Sanders has identified Demetrius Palmer as a defendant in the caption of his complaint.  The complaint narrative, however, indicates that Palmer was another inmate at FCI-Berlin who received harmful hygiene products there.  Sanders has not asserted any claims against Palmer, but seeks an order asking the court to direct the federal Bureau of Prisons to keep him separated from Palmer, who was transferred out of FCI-Berlin while Sanders was still there, but provides no reason for seeking that relief.  Further, Palmer has not signed the complaint, and Sanders, as a pro se plaintiff, cannot assert claims on behalf of anyone other than himself in this action.  See 28 U.S.C. § 1654; LR 83.2(d).  Accordingly, the district judge should dismiss any claim Sanders intended to assert

7

against Palmer, or any claims he seeks to assert on Palmer's behalf.

Sanders also seeks an order directing this court to keep him away from "Scott," his cellmate at a federal detention center in Brooklyn, New York. Sanders has not provided any basis for that request, and the district judge should dismiss any claim Sanders intended to assert concerning Scott.

### IV.  Other Relief Sought

Sanders also asks this court to give several celebrities, and a New York attorney, messages on his behalf, and to provide Sanders with addresses of an unnamed probation officer and an unnamed judge. The court should decline these requests.

### V.  Request for Stay

Sanders asks this court to stay this matter until his 28 U.S.C. § 2255 motion, filed in another federal court, is resolved. Sanders states that he cannot take his medication "for hearing voices and talking to [himself]" until after that case is resolved, and thus would like to stay this action until then. Because Sanders has failed at this time to state any claim upon which relief might be granted in this case, the district judge should deny Sanders's request to stay this matter. The district judge, instead, should dismiss this action without prejudice to Sanders's ability to refile appropriate claims, in appropriate venues, at a later date, when he is able

8

to prosecute them.[2]

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety, as set forth above. Any objections to this Report and Recommendation must be filed within thirty days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). That period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 18, 2017

cc:   Christopher Sanders, pro se

---

[2]The court offers no opinion as to whether Sanders's rejection of medication until after his § 2255 case is resolved will warrant tolling of any applicable statute of limitations period, should such issues arise at a later date.